IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK COLLINS, #87391, | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )   2:17-CV-619 |
| | ) |
| ATTORNEY GENERAL OF | ) |
| PENNSYLVANIA, | ) |
|     Respondent. | ) |

REPORT and RECOMMENDATION

I.  Recommendation:

It is respectfully recommended that the petition of Frederick Collins for a writ of habeas corpus (ECF No. 3) be dismissed without prejudice pending his exhaustion of the available state court remedies and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied. It is further recommended that his motion for the appointment of counsel (ECF No.4) be dismissed as moot.

II.  Report:

Frederick Collins, an inmate at the Allegheny County Jail has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. In his petition Collins contends that he is presently serving a twenty-five to fifty year sentence imposed following his entry of a plea of nolo contendere to charges including threatening a judicial official, simple assault, terroristic threats, aggravated assault, recklessly endangering another, and carrying a firearm without a license imposed on April 26, 2017 at Nos. CP-02-CR-0013218-2015, CP-02-CR-13234-2015,CP-02-CR12275-2015, CP-02-CR-13685-2015, CP-02-CR-13236-2015 and,CP-02-CR-13238-2015 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1] An appeal has been filed [2]

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Petition at ¶8 and Common Pleas docket which references a notice of appeal filed on May 2, 2017.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010). This is a very difficult burden to meet. Harrington v. Richter, 131 S.Ct. 770 (2011).

In the instant case, sentence was imposed a month and a half ago, and so it would have been impossible for the petitioner to exhaust his state court remedies in that limited time period, and Collins concedes that he has an appeal pending. For this reason, his petition here is premature and it is recommended that the petition of Frederick Collins for a writ of habeas corpus (ECF No. 3) be dismissed without prejudice and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied. In view of this recommendation, it is further recommended that the petitioner's motion for the appointment of counsel (ECF No.4) be dismissed as moot.

Litigants who seek to challenge this Report and Recommendation must seek review by a district judge by filing objections within fourteen (14) days of this date and mailing them to United States District Court, 700 Grant Street, Pittsburgh PA 15219-1957. Failure to file timely objections will waive the right to appeal.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: June 8, 2017